UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LEE WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>FERRIS,<br><br>    Defendant. | No. 2:19-cv-0886 JAM KJN P<br><br>FINDINGS AND RECOMMENDAITONS |

Plaintiff is a state prisoner, proceeding pro se. On August 18, 2020, this action was voluntarily dismissed following a settlement conference. On November 12, 2020, plaintiff filed a motion to intervene to help enforce the settlement. Defendant Ferris opposes the motion. Plaintiff did not file a reply. As set forth below, the undersigned construes plaintiff's filing as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and recommends the motion be denied, and this action remain closed.

I. Motion for Relief

   A. Plaintiff's Claims

Plaintiff contends that defendants have violated the spirit of the settlement by providing him a poor quality kosher diet. When he complained about the quality of the kosher diet, plaintiff claims he was told by "staff" that "if we make the kosher diet bad enough, you will want to go to

////

regular diet." (ECF No. 50 at 2.) Plaintiff asks the court to bring the two parties together for another conference to resolve the issue to prevent plaintiff from having to file another lawsuit.

### B. Defendant's Opposition

Defendant points out that while plaintiff concedes he is being provided a kosher diet, instead while challenging the nutritional value and quality of such diet plaintiff fails to specifically allege defendant's involvement in the provision of such kosher diet. Defendant contends that the material terms of the settlement agreement were put on the court record and both parties agreed to such terms, and dismissal of this case was entered voluntarily. Because the nutritional value of the kosher diet is beyond the scope of this litigation, plaintiff's motion does not demonstrate noncompliance with the terms of the settlement. Moreover, the court lacks jurisdiction to provide the requested relief, and plaintiff failed to show good cause for relief under Rule 60(b) of the Federal Rules of Civil Procedure.

### C. Governing Standards

Rule 41(a)(1)(A)(i) provides an action may be voluntarily dismissed without a court order through the filing of "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgement." Id. Voluntary dismissal of an action without prejudice results in a final order from which relief can be requested pursuant to Rule 60(b). See In re Hunter, 66 F.3d 1002, 1004-05 (9th Cir. 1995).

Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id.

////

////

D. Discussion

1. Jurisdiction

The first question is whether federal jurisdiction exists. Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute arising under the settlement agreement is a separate contract dispute that requires its own independent basis for jurisdiction. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016). However, courts do have the authority to enforce a settlement agreement while the litigation is still pending or when the settlement agreement is referenced in the dismissal order or the court has retained jurisdiction to enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); Kelly, 822 F.3d at 1085. But such ancillary jurisdiction exists only if the settlement agreement was "made part of the order of dismissal," by retaining jurisdiction over the agreement, "or by incorporating the terms of the settlement agreement in the order." Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381 (1994).

Here, the parties entered into a stipulation of dismissal with prejudice, and this action was terminated on August 18, 2020. The court did not retain jurisdiction. The order of dismissal does not append the settlement agreement, incorporate the terms of the settlement, or even reference the settlement agreement. (ECF No. 48.) Rather, the parties stated that they "have resolved this case in its entirety," and stipulated to dismissal of the action with prejudice. (Id. at 1.) Therefore, plaintiff's motion should be dismissed for lack of jurisdiction.

2. Fed. R. Civ. P. 60(b)

In the underlying pleading, plaintiff, a practicing Jew, alleged he was denied a religious (Kosher) diet by defendant, Rabbi Ferris, in violation of the First Amendment. (ECF Nos. 12, 13 at 1.) Plaintiff included no allegations concerning the nutritional value of the Kosher diet provided at the California Health Care Facility. (ECF No. 12.) In the instant motion, plaintiff included no specific allegations tying Rabbi Ferris to the nutritional value of the Kosher diet provided to plaintiff. Plaintiff fails to demonstrate that defendant violated the terms of the settlement; thus, there is no basis for this court to enforce or reconsider the settlement.

////

II. <u>Recommendation</u>

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion (ECF No. 50) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 16, 2020

/wils0886.set.enf.57

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4